FRED GOECKEL ET AL., PLAINTIFFS-RESPONDENTS, v. ERIE RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted November term, 1923—Decided March 4, 1924.

**Negligence—Motor Vehicle Collision at Grade Crossing—Supreme Court Cannot Hear and Determine Validity of Exceptions Reserved to a Verdict After They Have Been Considered and Determined by the Trial Court on Rule to Show Cause.**

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiffs, *Kalisch & Kalisch.*

For the defendant, *Parker, Emery & Van Riper.*

PER CURIAM.

This suit was brought to recover damages for personal injuries sustained by each of the plaintiffs and for damages to an auto truck owned by the plaintiff Fred Goeckel. The case grows out of a collision at a railroad grade crossing. The trial resulted in verdicts in favor of the plaintiffs. The defendant, the Erie Railroad Company, obtained a rule to show cause why a new trial should not be granted, reserving three exceptions taken at the trial. A new trial was refused, the rule was discharged. The defendant then applied for a reargument of the rule, which was also denied, hence this appeal. The three exceptions reserved were, *first,* reading to the jury section 36b of the Railroad act; *second,* charging the plaintiff's second request, and *third,* the charge of the court in answer to the written communication from the jury, "must the bell at the crossing be ringing," &c. These are all covered in the reasons filed for a new trial under the

rule to show cause (Nos. 10, 13 and 24, Record, p. 266). This disposes of the case on appeal under the case of *Faragasso* v. *Introcaso,* 1 *N. J. Adv. R.* 1034, which holds the Supreme Court cannot hear and determine the validity of exceptions reserved to a verdict, after they have been considered and determined by the trial court on the rule to show cause why the verdict should not be set aside.

The judgment is therefore affirmed, with costs.